# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAROL A. MCKISSICK

    Plaintiff,

    v.                                                                                  Case No. 09-C-1162

EAGLE ENTERPRISE, LTD.

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS

On December 21, 2009, plaintiff Carol A. McKissick, who is proceeding pro se, filed a complaint against defendant Eagle Enterprises Ltd. It appears that the plaintiff is alleging discrimination based on her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq., as amended. Attached to her complaint is a dismissal and notice of right to sue issued on September 24, 2009. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The petition will be granted.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is

frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence indicating that she is unable to pay the costs of commencing this action. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a). Another question is whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

The ADEA provides in relevant part:

It shall be unlawful for an employer to fail or reuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S. § 623(a)(1). Here, the plaintiff alleges that she was performing her job very satisfactorily and was fired because of her age. The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The court finds that the plaintiff has alleged sufficient facts to support a claim that her rights were violated. Therefore, the request to proceed in forma pauperis will be granted.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **granted**.

-2-

Case 2:09-cv-01162-PJG    Filed 12/28/09    Page 2 of 3    Document 4

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2) & (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The plaintiff is hereby notified that, from now on, she is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). The plaintiff should also retain a personal copy of each document. If she does not have access to a photocopy machine, the plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to its attorney(s). The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 28th day December 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

-3-

Case 2:09-cv-01162-PJG    Filed 12/28/09    Page 3 of 3    Document 4